UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN GAYLE JENSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09CV00045 MLM |
| | ) | |
| TOM PARKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Steven Gayle Jensen (registration no. 1153091) for leave to commence this action without payment of required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $23.33, and an average monthly account balance of $4.19. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.67, which is 20 percent of plaintiff's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff, an inmate at the Crossroads Correctional Center, brings this 42 U.S.C. § 1983 action against Tom Parks (Sheriff, Linn County) and Tracy Carlson (Linn County Prosecutor).

Plaintiff alleges that following a court hearing on June 24, 2006, defendant Carlson "failed to order Parks to take [plaintiff] straight from the courthouse to the hospital." Plaintiff further alleges that, after being taken to a hospital, defendant Parks "wouldn't even wait till medical staff got to treat [him] before [Parks] would make the medical staff stop . . . [s]o Parks could take [plaintiff] back to jail."

At the outset, the Court notes that, although available, plaintiff has not presented his claim against Tom Parks through the prison grievance system. His explanation for not using the institutional grievance system states, as follows: "The Defendant is the Head Supervisor over the grievance system."

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Where, as in the instant case, it is apparent from the face of the complaint that a plaintiff has not met the applicable exhaustion requirements, a Court may properly dismiss an in forma pauperis complaint prior to service. Cf. Smith v. Unknown Corrections Officer, 196 Fed.Appx. 451, 2006 WL 2620837 (8th Cir. 2006). As noted above, plaintiff concedes that he failed to exhaust his available administrative remedies before filing the instant action. Therefore, his claims against defendant Parks presently are barred by 42 U.S.C. § 1997e(a).

As to defendant Tracy Carlson, the complaint is legally frivolous. Plaintiff's allegations against this defendant do not rise to the level of a constitutional violation and fail to state a claim or cause of action. Moreover, where "a prosecutor is acting within the scope of his proper prosecutorial

3

capacity, these actions are cloaked with the same immunity granted to judges." Barnes v. Dorsey, 480 F.2d 1057, 1060 (8th Cir. 1973); Wilhelm v. Turner, 431 F.2d 177, 182-83 (8th Cir. 1981).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $4.67 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because plaintiff has failed to exhaust his prison remedies, and the claims are legally frivolous and fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this Order and Memorandum.

So Ordered this 2nd Day of October, 2009.

**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**